UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

**DECISION AND ORDER**
10-CR-266A

v.

SEAN KELLEY,

                Defendant.

---

Pending before the Court are two motions by the Government—one to extend a stay of an order of release issued by Magistrate Judge Jeremiah J. McCarthy on September 27, 2010, a stay that would expire today absent action from this Court; and one to revoke that order of release altogether under 18 U.S.C. § 3145. On September 27, 2010, Magistrate Judge McCarthy concluded a bail revocation hearing and ordered defendant released on conditions as stated in the record. Because one of the conditions included electronic monitoring at defendant's parents' home, Magistrate Judge McCarthy stayed his order of release for five days pending an inquiry by the United States Probation Office into the feasibility of electronic monitoring at that address.

Meanwhile, on September 30, 2010, the Government filed the pending motions. The Government ultimately seeks revocation of Magistrate Judge McCarthy's order of release and has asserted that this Court could make that decision now based on the information available in the record. At a minimum,

however, the Government seeks to keep defendant in custody pending any further proceedings that the Court conducts concerning its revocation motion. In support of its argument, the Government notes that the underlying indictment in this case concerns an assault, that the possible bail revocation in this case and the pending charges filed in state court concern an assault, and that defendant has a history of violent behavior. The Governance notes further that the circumstances of the alleged bail violation allow the Court to find probable cause that a violation of state law occurred, thus triggering the rebuttable presumption in 18 U.S.C. § 3148(b) that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community. In opposition to any extension of the stay of release, defendant notes that he has been detained for over a week already since his arrest. Defendant further questions whether this Court has authority to extend the stay pending ultimate resolution of the bail violation petition. Finally, defendant asserts that Magistrate Judge McCarthy set sufficiently stringent conditions of release that the Government cannot say reasonably that defendant would be a danger to the community. The Court held oral argument on the pending motion on October 1, 2010.

Because extension of the stay would allow defendant to present the additional information that he referenced at oral argument, the Court's immediate concern here is its authority to grant such an extension. "In *United States v.*

*Salerno*, 481 U.S. 739 (1987), we upheld the Bail Reform Act of 1984 against constitutional challenge. Though we did not refer in *Salerno* to the time limits for hearings as a feature which sustained the constitutionality of the Act, we recognize that a vital liberty interest is at stake. A prompt hearing is necessary, and the time limitations of the Act must be followed with care and precision. But the Act is silent on the issue of a remedy for violations of its time limits. Neither the timing requirements nor any other part of the Act can be read to require, or even suggest, that a timing error must result in release of a person who should otherwise be detained." *U.S. v. Montalvo-Murillo*, 495 U.S. 711, 716–17 (1990); *see also U.S. v. Gonzales*, 852 F.2d 1214, 1215 (9th Cir. 1988) ("We believe it would be contrary to Congressional intent and the interests of society to release an individual who poses a danger to the safety of the community. Release of a person who may not appear for trial means that he may go unpunished for past behavior. This result penalizes the district court for its misdeed without placing society at risk. Release of a person who is a danger to the community, however, may result in the commission of future crimes against innocent persons."). Here, while the Court does not want to pass judgment on Magistrate Judge McCarthy's order of release prematurely, it has enough concerns about the circumstances of the alleged bail violation that it will not begin to execute that order of release until it completes a full *de novo* review based on the additional proceedings that defendant himself has requested. *Montalvo-Murillo* and *Gonzales* enable the

3

Court to act on those concerns. At the same time, the Court believes that completing any additional proceedings by the middle of October will make a final resolution of the alleged bail violation sufficiently prompt that the timing will violate neither the letter nor the spirit of *Montalvo-Murillo* and *Gonzales*. For these reasons, the Court finds that it has the authority to grant the pending motion to extend the stay and hereby does grant that motion. Defendant's release is stayed pending a decision and order from this Court resolving the underlying motion for revocation of the order of release.

With respect to the motion for revocation, the Court sets the following expedited schedule to ensure that "[t]he motion shall be determined promptly" as required by 18 U.S.C. § 3145. Defendant shall file any additional papers concerning the motion on or before **Friday, October 8, 2010**. The Government shall file any responding papers on or before **Tuesday, October 12, 2010**. The Court will hold a hearing on **Thursday, October 14, 2010 at 10:00 a.m.** to allow the parties to present any information concerning the motion for revocation that is not yet properly preserved in the record.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 1, 2010