UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

**DECISION AND ORDER**
10-CR-266A

v.

SEAN KELLEY,

       Defendant.

---

I. **INTRODUCTION**

Pending before the Court is a motion by the Government under 18 U.S.C. § 3145 to revoke an order of Magistrate Judge Jeremiah J. McCarthy (Dkt. No. 22) setting modified conditions of defendant's release in the wake of his alleged violation of prior conditions of release. The Government asserts that the nature of defendant's alleged violation requires detention pending trial because no conditions of release can ensure the safety of the community. Defendant asserts in opposition that Magistrate Judge McCarthy set sufficiently stringent conditions of release that defendant essentially will remain under house arrest and in the care of his family, and thus cannot pose a threat to the community. After extending Magistrate Judge McCarthy's stay of release (Dkt. No. 24), this Court held a hearing on October 14, 2010. For the reasons below, the Court will grant the motion and order defendant detained pending trial.

## II. BACKGROUND

This case concerns allegations that defendant violated someone's civil rights under color of law by assaulting him while employed as a police officer for the Town of West Seneca. On September 14, 2010, the Government filed a one-count indictment (Dkt. No. 9) accusing defendant of intentionally assaulting and injuring someone under color of law in violation of 18 U.S.C. § 242. Before filing that indictment, the Government filed a criminal complaint on July 14, 2010 containing the same allegations. On July 22, 2010, Magistrate Judge McCarthy issued an order setting conditions of release for defendant (Dkt. No. 4). Among other conditions, Condition 1 required defendant to avoid any federal, state, or local crimes while on release. Condition 8(q) of the order setting conditions of release stated explicitly that "[t]he defendant shall . . . [r]efrain from *any* use of alcohol." (*Id.* at 2 (emphasis added).)

The pending motion stemmed from the Government's allegation that defendant violated the two conditions of release cited above. Specifically, the Government has accused defendant of assaulting and injuring two on-duty Buffalo Police officers on September 22, 2010 during an incident at a local bar. Defendant allegedly was intoxicated during this incident. State prosecutors have charged defendant with two felony counts of assault in the second degree and with one count each of trespass, disorderly conduct, obstructing governmental administration in the second degree, and resisting arrest.

Magistrate Judge McCarthy held a hearing on the alleged violation of conditions of release on September 24 and 27, 2010.  At the conclusion of the hearing, Magistrate Judge McCarthy found that probable cause existed to believe that defendant committed a state crime while on release.  (Dkt. No. 19-2 at 53.)  Magistrate Judge McCarthy found further that clear and convincing evidence existed that defendant was consuming alcohol when he assaulted the two Buffalo Police officers.  (*Id.* at 54.)  Defendant did not contest Magistrate Judge McCarthy's finding that he was consuming alcohol during the incident:

> THE COURT:  And, Mr. Melber, unless I hear you argue to the contrary, I think there is considerable evidence, clear and convincing evidence that he had some amount of alcohol. Whether he was highly intoxicated, whether he was intoxicated, even if he wasn't intoxicated, he's in a bar.  I haven't heard anybody say he was having a Pepsi.
> MR. MELBER: That's not our argument.
> THE COURT: All right.
> MR. MELBER: That's correct, Judge.

(*Id.*)

Magistrate Judge McCarthy then decided that defendant could remain released pending trial, but under modified conditions that would include electronic monitoring based at his parents' house and the use of a "SCRAM Bracelet" that would detect any use of alcohol by defendant.  The written order memorializing the modified conditions of release was filed on September 29, 2010 (Dkt. No. 22).  In response to Magistrate Judge McCarthy's order, the Government on September 30, 2010 filed the pending motion to revoke that order and to stay

3

any release pending resolution of the motion for revocation. (Dkt. No. 17.)

Through the pending motion, the Government seeks to hold defendant in custody pending trial on the basis that no conditions of release can keep the community safe. The Government points to evidence submitted at the violation hearing concerning defendant's prior history of violent conduct along with the nature and circumstances of the allegations currently pending against him. In addition to the presumption favoring detention that the Government believes that defendant has not rebutted, the Government believes that the evidence from the hearing indicates that defendant shows little regard for orders of the Court and engages in violent behavior when he disregards those orders.

In opposition to the pending motion, defendant argues that the conditions of release that Magistrate Judge McCarthy ordered are so stringent that defendant essentially will be under house arrest at his parents' house for the duration of proceedings in this case. Defendant argues further that, while he is not an "alcoholic" as that term is understood in the Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR"), he does have a problem with alcohol in that he cannot stop consuming once he starts. According to defendant, however, if he never starts then he does not have any problems, which is why Magistrate Judge McCarthy's modified conditions of release will suffice for the duration of this case. Defendant also argues that his circumstances as a

4

husband and father weigh in favor of releasing him under circumstances that will give his young children a better chance to see him.

## III. DISCUSSION

"A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Under Section 3148, the standard for assessing a violation of a condition of release is as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
> (1) finds that there is—
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that—
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

18 U.S.C. § 3148(b).

Here, the Court finds that defendant satisfies all of the above conditions. After reviewing all of the available evidence, the Court finds that probable cause exists that defendant committed a state crime while on release. Defendant himself has conceded that he was consuming alcohol during the incident on September 22, 2008, in violation of Condition 8(q) of the original order setting conditions of release. Additionally, although the Court finds that the rebuttable presumption in favor of detention applies and that defendant has not rebutted it, the Court finds that no condition or combination of conditions can assure the safety of the community even without the presumption. From the beginning of this case, defendant knew that he was under a condition of release explicitly requiring him to avoid *any* consumption of alcohol. In spite of Condition 8(q) and in spite of his history of violent conduct, including the allegation of violent conduct at a bar that prompted the indictment against him, defendant chose to go to a bar on September 22, 2010. As Magistrate Judge McCarthy noted, defendant knew that he was not there to drink Pepsi. Defendant thus has ignored established orders of the Court in such a way that there is no reason to believe that he will obey future conditions of release. Defendant has argued that he simply needs to be kept away from alcohol, and that the proposed modified conditions of release will do just that and thus eliminate any danger to the community. This argument ignores Condition 8(q) from the original order setting conditions of release, which already would have kept defendant away from

alcohol. This argument also ignores defendant's decision to go to the bar in the first place on September 22, 2010, presumably while he was sober and fully conscious of his decision. Finally, this argument ignores the delay of approximately 24 to 48 hours between a violation of electronic monitoring or alcohol consumption and the reporting of that violation to the United States Probation Office by the company that operates the monitoring technology. Under these circumstances, the Court will not risk any further danger to the community by giving defendant any more opportunities to violate conditions of release and to engage in violent conduct. Defendant will remain in custody pending ultimate resolution of the charge against him.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants the Government's pending motion (Dkt. No. 17) to revoke the order setting modified conditions of release (Dkt. No. 22).

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 18, 2010